Killits, J.
■This cause is.before the court at this timé upon demurrer to the petition and alternative writ. The petition avers that the relator -is a bank organized under the laws of the state of Ohio, having its principal place of business in the city of Defiance, the county seat of Defiance county, Ohio, of which county it is “an inhabitant and resident”; that about August 9, 1906, the defendant board of county commissioners published the notice required by law, in two papers within said county, inviting sealed proposals from the several banks and trust companies within said county to become depository of the public moneys of said county, setting forth in said notice the conditions required by law to be embodied in such proposals, and the time and place when and at which the said defendant board would receive and open proposals and act thereon; that prior to the time limited for the filing of sud). proposals, the relator caused to be filed with the county auditor in that behalf its sealed proposal, in these words, omitting caption and address:
“We, The Defiance City Bank Company, offer you our services, to act as your county depository, and offer you on the daily balances for all money deposited, the sum of four and four-tenths (4 and 4-10) per cent, per annum. We offer the following surety companies as bondsmen: The United States Fidelity & Guaranty Company, of Baltimore, Md.; the Bankers Surety Company, of Cleveland, Ohio; the Aetna Indemnity Company, of Hartford, Conn.; the National Surety Company, of New York; the American Surety Company, of New York; the Fidelity & Deposit Company, of Baltimore, Md.
“The Defiance City Bank Company,
“By C. C. Kuhn, President”
*227 That this written proposal was made by relator for the purpose of obtaining the right to be and of being designated as the depository of the public funds of said county, and for the use of the money of said county for the ensuing three years; that the six fidelity and indemnity insurance companies named and offered in said proposals as relator’s proposed sureties on its bond, should said proposition be accepted, were each authorized to do business, as such, within the state of Ohio, and that each of said companies had and still has a paid-up capital stock of more than two hundred and fifty thousand dollars, and that each was an eligible and competent surety in the premises; that the relator “was able, ready and willing to carry out and comply with its said proposal, furnish good and sufficient sureties as required by law and to the satisfaction of said county-commissioners, and it was able, ready and willing to care for, account for, and pay over all money coming to its possession as such depository, and pay interest on the funds of said county at the rate stipulated in its said proposal, if the funds of the county were awarded to it by said county commissioners”; that at the time and place fixed in said notice this proposal of relator, as well as the proposals of other institutions of the county, received in the same behalf, were duly opened' by the defendant board of county- commissioners, and that then and there said defendant board found that relator’s proposal offered four and four-tenths per cent, per annum interest on the average daily balances of the county funds to be deposited with it, and that said bid of said relator was, in that behalf, higher than any other proposal offered before said board; that the next highest proposal offered no more than four and thirty-, five one-hundredths per cent; but tha,t the said board refused, nevertheless, to then and there, or at any time, to designate relator as the county depository of said county for the term fixed by law, and failed and refused to award relator the use of the county moneys upon its said proposal, and still so fails and refuses to perform its duty upon said proposal; that the amount of money to be deposited at any one time during the ensuing three years with the county depository of said county can not and will not reach the sum of four hundred thousand dol *228 lars. The prayer is for a writ of mandamus addressed to the Board of County Commissioners of Defiance County, Ohio, directing that body to accept the proposal of the relator and to award to it the use of the funds of said county upon the terms of said proposal for the ensuing three years, provided relator qualifies with sureties as provided by law.
Upon the filing of this petition an alternative writ was issued by another judge of this district, and to the alternative writ and the petition defendant demurs: first, for that it appears upon the face of the writ that it was issued without jurisdiction or authority of law; second, that it appears on the face of the writ that this court has no jurisdiction of the subject-matter; third, that this court has no jurisdiction herein; fourth, that it appears upon the face of the petition and writ that the relator has a plain and adequate remedy at law; fifth, that the writ and petition do not state facts sufficient to constitute a cause of action.
The first three grounds of the demurrer are based on the fact that the alternative writ was ordered by a judge of this court sitting at chambers, and outside of Defiance county. Their merits have already been passed upon adversely to defendant by another judge of this court, who heard and overruled defendant’s motion to the jurisdiction, based upon such a contention. This court has no disposition to suspect the correctness of that decision, and will, therefore, without further consideration, overrule the demurrer so far as the first three grounds are concerned, to which defendant may have exceptions.
Before passing to a consideration of the remaining grounds of demurrer specifically, there should be noticed an objection to the writ advanced in support of the demurrer and based upon the manner in which the copy of the petition is carried by the writ. The writ begins, after caption and address, as follows: “Whereas on the 28th day of August, A. D. 1906, a petition for a writ of mandamus, duly verified, was filed in the office of the Clerk of the Court of Common Pleas of Defiance County, State of Ohio, a true copy of which petition is hereto attached marked Exhibit ‘A,’ and hereby made a part of this writ;” *229 and following with a recitation of the presentation to Judge Matthias, at chambers, and a copy of his order, and concluding with the writ based thereon. Bound therewith is a document purporting to be a copy of the petition, marked Exhibit “A,” but not certified as such. The last page of this copy is occupied in part by the sheriff’s return of his service of the writ, in which it is averred that a true copy of the writ, together with all endorsements thereon and exhibits thereto, was duly served upon defendant. The whole is bound together within a binder cover which is indorsed over the signature of the clerk of this court, after a statement of the docket number and title of this cause, as follows: “Alternative Writ of Mandamus. ’ ’
It is objected, because the copy of the petition is attached to the writ as an exhibit, and not carried in the body thereof, that the writ is defective and that such defect is available on general demurrer. The objection is based upon the provision of Section 6747 that “the writ shall be issued by the clerk of the court in which the application is made, and shall contain a copy of the petition, verification and order of allowance,” etc. It will be noticed that, in distinction of the old practice in which (Section 577, Code, S. & G., 1127) the writ itself was treated as a pleading and sustained all the functions of a declaration, it is now but a vehicle by means of which both the orders of the court and the vital pleading in the cause, the petition, are conveyed to the defendant. Tt is no longer proper practice to address a demurrer to the writ, but to the petition, which is the real pleading and declaration on the part of the relator. (State v. Dalton, 1 C. C. Rep., 119).
We are -of the opinion that a defect in the writ must be reached by motion to quash, and that, if that opportunity is passed, it is no longer available on demurrer to the petition, even though, as in this case, the demurrer is addressed to both petition and writ.
It is urged strenuously in argument that the relator has a remedy., at law, either by. way of appeal from the decision of the commissioners, or by proceeding in error. As to the remedy by way of appeal, it has been several times decided in this state *230 that appeal lies, under Section 896, only from decisions of the commissioners made in matters of claim or demand upon the county in its quasi corporate capacity. It can not be said that, upon the facts stated in the petition, relator has any claim or demand upon the county in that capacity. We cite but one case out of several, namely, Bowersox v. Commissioners, 20 O. S., 496; but Commissioners v. Hunt, 33 O. S., 169, may be considered of interest in the same connection.
Assuming, which the court very much doubts, that the commissioners are bound by the statutes relating to the selection of a county depository to make a record of their proceedings of sufficient fullness as to exhibit their refusal to award the deposits to relator and the errors thereby committed by them, whether or "not error would lie from such a record to this court depends upon the consideration of the nature, of the function performed by the commissioners in designating a depository, a consideration which lies at the foundation of the question involved generally in this cause, and which will be taken up in discussing the last ground of the demurrer, that the petition and writ do not state facts sufficient to constitute a cause of action, for error lies to this court from a tribunal inferior to it, only upon a decision thereof arrived. at through the exercise of judicial functions. If the 'act of designating a depository is a judicial function, under the statutes in that behalf, then, of course, relator has a remedy at law and equally, of course, mandamus will not lie to control the board in the exercise of such a function, upon familiar principles; wherefore, clearly, a petition setting forth such a situation must fail to state facts sufficient to’ constitute a cause of action. If, on the other hand,’ the action of the commissioners is simply ministerial, error will not lie, and no remedy at law exists to the benefit of relator.
The statutes involved in this controversy are Sections 1336-1 to 1136-30, Revised Statutes, as amended April 1.6th, 3906
98 Ohio Laws, 274, Section 1, of the amended act, provides that:
‘‘In each county the commissioners thereof shall designate in the manner hereinafter provided, a bank or banks (etc.) as a depository or depositories o’f the money of the county,” etc.
*231 Section 2 provides’ for a notice of the time and place for receiving and opening bids; and Section 3 says:
“The commissioners shall, in open session, open such sealed proposals, and shall award the use of the money of the county to the bank or banks or trust companies that offers the highest rate of interest therefor, on the average daily balances, provided proper sureties, or securities, or both, are tendered in such proposal, ’ ’ etc.
We need go no further in referring to the terms of this act, for the circumstances of this case carry us no further than this. This action is not brought to compel the officers of the county to make deposits with relator of public moneys, but simply to secure a designation of relator as the potential or prospective county depository, to fructify into a reality after additional steps have been taken. Given, the combination of a bank answering the description of Section'!, and a sealed written proposal made by it for the county funds, properly filed before the time fixed for opening the same, pursuant to a proper notice, and with the proper officer to receive and note the filing thereof, the proposal not only containing the highest offer of rate of interest, but a tender of sureties such as the law contemplates are competent in such cases, we are very clearly of the opinion that the function of the -commissioners in such a case is purely ministerial, and that its duty to designate then and there such a bank as the county depository is imperative and tmavoidable. It seems very certain to us that such an act is no more judicial in its nature than that of a judge signing an indisputable bill of exceptions, or of'the commissioners-delivering bonds issued to pay for improvements, or of a board of education in appropriating money to the payment of bonds already issued, or of numerous other acts by officers or tribunals which have been directed by the courts of this state.
We are urged to consider the fiduciary character of the relation of the county commissioners towards the county funds, and it is urged that such a situation necessarily implies a discretion on their part with reference thereto. In that connection, attention is called to the conditions of the bond given by *232 each commissioner, and it is suggested that the members of the board might become responsible upon their bonds for a loss of the public moneys in a depository, wherefore they should be allowed a discretion to choose the very soundest financial institution for that trust, notwithstanding the plain terms of the sections above quoted. It is a sufficient answer to this argument that the sole condition of a county commissioner’s bond is that he shall faithfully perform the duties of his office (Section 844) and it is but “seeing things” to imagine that, faithfully following the terms of a statute as plain as this, an officer could be involved in default upon his bond should a loss ensue therefrom to the pubLic. Our conclusion that the commissioners have no discretion in this matter down to the point of designating the prospective county depository, as shown by the opened proposals, is sustained by the authorities. Boren v. Commissioners, 21 O. S., 311; State v. Commissioners, 39 O. S., 188; Knorr v. Miller, 6 C. C. Rep., 609.
Holding, therefore, that the act of the commissioners to be performed when the proposals are opened, is ministerial, it follows that a bank aggrieved thereby is without remedy by way of proceedings in error.
It is urged specifically upon the ground that the petition does not state facts sufficient, that it appears from the terms of relator’s bid that it did not comply with the statute, in that the bid is based upon “daily balances”; whereas the statute speaks at all times- of “average daily balances.” In the argument some confusion arose to the meaning of the term “average daily balances,” and speculation was indulged in as to whether the statute might not be considered defective for want of a specification of the period for' which an average should be found. It is clear, from a quiet reading of the statute, however, that the statute means that annually the amount to be paid by the depository as interest must be computed by the application of the rate bid to the sum found by adding the balances for each business day of the previous year together and dividing the result by the number of business days. It is obvious that the result would be practically the same as that obtained by computing the *233 interest on each, daily balance for one or more days according as the next day was a business day, or not, and adding the numerous computations1 together; hence there is no substantial difference between the expression of the statute and that of the proposal; inevitably they lead to the same results.
It is also urged in argument that the petition is defective in that it does not tender the undertakings which relator must give in order to have its rights to the county deposit perfected; in which behalf counsel for defendant insist that relator is asking for what amounts to an alias alternative writ, which is impossible. In our view of the facts of this ease, the time has not yet come when relator may demand the county deposits. All that relator can, and does, in fact, ask at this time is a designation of it, by the defendant, as the county depository, and an opportunity to give a bond as such, in an amount to be fixed by the commissioners. In advance of a determination -of the amount of bond required, to be fixed by the commissioners pursuant to Section 4 of the act, relator can not tender its bond; nor is it within the province of the court, in this action, to pass upon the sufficiency of the bond should the same have been tendered. Such is peculiarly the function of the commissioners and the prosecuting attorney, by the provisions of Sections 4 and 5 of the act.
It would have been both premature and useless at this time for relator to have tendered a bond, either to the court or to the commissioners. To meet the requirements ofi the situation, at this juncture in the proceedings, all that is incumbent on relator is to be found in position to give such bond as the commissioners may hereafter require. So far the presumption is that relator will, at the proper time, meet the conditions. It tenders proper securities, such as the law determines are competent, and such tender carries with it of necessity the offer of readiness to meet all reasonable demands of the commissioners as to the amount and terms of the bond. The averment in that behalf, which we have quoted from the petition, and which the demurrer admits, is entirely unnecessary. Hence, it follows that at no time does the question arise whether or not the *234 highest bidder is competent to perform the bid, or whether or not it is a safe depository of the public funds. The law, as we read it, assumes that any local institution, furnishing the proper security, is a safe depository, and no issue on this question can possibly arise, either at the stage of proceeding under the depository act at which the case stands or later, when the designated depository offers the bond required. The only place under the act at which any discretion or quasi-judicial function inheres in the commissioners is in the matter of determination of the amount of the bond.
Winn c& Hay and Henry B. Harris, for relator.
H. & R. Netvbegin, for defendant.
Does the petition state sufficient facts? That question must be answered in the affirmative, after a comparison of the averments,-given in substance at the outset of this petition, with the requirements provided by the act. The relator is described and averred to be such a bank as is embraced within the statute in every particular, both as to organization and location;, all the steps required by law to be taken looking to a lawful letting, have been taken by the commissioners; relator’s bid was sealed and properly filed within the limit of the time; the proposal was clearly expressed; and was definite in its terms both as to the amount of the interest offered -and as to the character of' the surety offered, which is such as came within the provisions of the fourth section of the act relating to the offering of fidelity companies; relator’s offer was the highest by an appreciable margin; defendant refuses and fails to designate relator as the depository. It-is difficult to see what more was necessary to .be averred in this petition to entitle relator to relief, assuming that the court’s view of the law is correct, and we therefore find that the demurrer should be overruled on this last ground also, for, as in other cases, the demurrer is to be taken as an admission that the several averments of the petition are true.